I'd like to reserve a few minutes for rebuttal. May it please the court. My name is Carlos Makoto Taitino. I am the attorney for the appellant Ho Chan Kim. In this case, the district court made three errors. The first error was that the district court found that the anonymous speaker, in this case who I will refer to as Doe here and after, was protected by the First Amendment. And the second error was that the district court found that the fourth intel factor weighs against discovery. And the third error that the district court committed was in finding that the third intel factor weighed against discovery. The district court made its first error in finding that the First Amendment protects the anonymous individual in this case because there was insufficient evidence in the record. Mr. Taitino, don't we review the district court's findings in this posture for clear error? Mr. Taitino Because this was a constitutional issue, whether the First Amendment applies to the anonymous individual, Doe, in this case, is at issue. The Senate review is de novo. Mr. Taitino Well, we can take that conclusion, I guess, arguably, we can only take that conclusion given the case law to be predicated on a finding that Doe is at least a legal resident, was a legal resident at the time. That seems to be what at least that appears one interpretation of what the district court's doing. There may be two inferences that we can draw from it from the I think we the only evidence before them. The motion of quash from Doe is an evidence, but we have these IP addresses, which raise two inferences, given that most of the IP addresses put Doe in the U.S. after the speech. Either Doe was a resident of the U.S. who had visited Korea at the time of the speech, or it was a resident of Korea or someplace else and was only visiting the U.S. at the time of the rest of the review period. But as between those two inferences, it seems to me that the district court had to have made a finding that Doe was a legal resident for the. And so don't we review that for clear? You speak about that sufficiency, but where would that come from? My understanding is the standard should be de novo in this case. But would it? OK, so if it's de novo and we take the district court to have found that Doe was right, we had the IP addresses on one side and no evidence on the other. So if it's de novo, why wouldn't a legal resident, at least of the United States, set aside the citizenship? Why wouldn't a legal resident of the United States have the benefit of First Amendment protection for the speech? If Doe was a legal resident at the time that the speech was or the speech in this case, which is a YouTube video that was uploaded, if he was a U.S. resident at that time, and if there was evidence in the record that shows that he was a U.S. resident at that time, then, yes, I agree that the First Amendment would protect that speech. But in this case, the only evidence that. What would be your burden then? Would you just lose or do you think you could make a showing to counter to show that not First Amendment, you should get. Discovery here. Right. It's a good question. I'm not 100 percent sure, but I mean, I would seem that you need to satisfy the New York Times versus Sullivan. You need to show, you know, that at least some showing that there was actual malice made and that therefore, although he has the protection of the First Amendment within the bounds of First Amendment doctrine, it's not, in fact, protected. I think that would be your burden. That's a pretty high one, though. Do you think you have shown that you would meet that? But in this case, though, I think before we go into analyzing whether there was malice or, you know, whether there's malice or anything, I think initially the issue was whether there was evidence that this person should have been protected by the First Amendment. That's the first question. Yes. Right. And the standard of review for that, Your Honor, is that what's being asked? Well, that was what Judge Johnstone was asking you. And then secondarily, what's the merits of your argument that he's not entitled? This anonymous person has not been shown to be entitled to First Amendment. Right. There is no evidence that this person was a resident of the United States. Wait a second. The only evidence we have are IP addresses that are indisputably those of this person. And almost all of them put this person in the United States, except at the time that they made their speech. Now, again, that could mean that they were visiting either in the U.S. at the back half of the period or in Korea at the first half of the period. But between those two inferences, I'm not sure that either one is unreasonable or illogical. The IP log information shows that this person was was accessing Google services after January 24, 2024. But the IP log information shows that this person was accessing Google services from Korea before that. So it's in fact, the evidence does not show how long before. Help me out here in terms of how long Google did not. And the evidence that Google submitted, they did not specify how long before that the individual was accessing the Internet from Korea. But based upon my experience, prior experience, usually Google holds IP log information for like a year or two years or so. But that's not in the record. The only thing we have is is one blip from Korea at the beginning of the period and then lots of blips afterwards from the U.S. I agree. But I guess as to thinking of doing your next two points on Intel prongs three and four, picking up on Judge Collins's question, does the the the kind of secondary Sullivan inquiry and actual malice go to both prongs or would it go to right? We've got prong three, I think, is the one that would have us asking whether it's an attempt to circumvent discovery restrictions here. First Amendment being one of them. And the second one just is an overall question about the burden. Right. But first of all, the malice issue comes into play if the person is a public figure. And in this case, Mr. Kim, I don't think he can be a pastor who leads a flock is not a public figure with respect to those duties. And the defamation is alleged to tarnish him with respect to his role as a pastor. Pastor puts himself out at least as a limited purpose public figure, right? Perhaps, yes. The district court never made that finding. So I didn't really think he based upon the facts that that, you know, that are being alleged. I didn't really consider this to be a public figure issue. And the district court never really addressed that issue either. So I have a couple of factual questions for you. Can you let us know if those identity would be protected under Korean privacy laws? And if so, how? This is I'm not an expert on Korean law, but based upon my interactions with Korean counsel, I do understand if Doe was in Korea, in order to sue Doe in Korea, the plaintiff would be able to obtain information from companies like Google in order to do that for purposes of suing Doe. But and after the information is disclosed to the plaintiff, the courts or Korean privacy laws prohibit disclosure of that information outside of the proceedings. That's my understanding. Okay. And then just to circle back to some of the questions my colleagues were asking. So we know that Doe in our case here claims to be a U.S. resident and that their video was intended for U.S. audiences. Shouldn't we construe that as evidence seeing that Doe was in, you know, pro se status here? Your Honor, in my brief, I do explain that it appears that Doe actually, an attorney, was actually ghostwriting for Doe. And although Doe, even if Doe were pro se, it doesn't mean that his arguments in his briefs should be considered evidence. I don't think there's any authority to that. Okay. All right. We took you over. I will give you two minutes for rebuttal. Thank you, Your Honor. Thank you. So we will hear now from Mr. Kennedy. Thank you, Your Honor. Nick Kennedy for happily Google LLC. The district court correctly concluded that the First Amendment protects the right to anonymous online speech of a U.S. resident who posted content intended for a U.S. audience. I mean, that legal proposition isn't disputed. The question is, did Google present enough evidence in support of the motion to quash the subpoena that the target of the subpoena is, in fact, a U.S. citizen or permanent resident? They did, Your Honor. And these primarily would be the IP logs that were referred to. The IP logs show that this anonymous person exclusively posted from late January until at least July in the United States. Do I have that correct? That's correct, Your Honor, from January 25th. But at the relevant time when the defamatory videos were posted, the postings were from Korea. Is that correct? It's unclear where the user was at the time of the original posting. But what is clear from this record is that the user reposted while in the U.S. And that's from Mr. Kim's statement, his declaration himself at SER 7. I don't know that. I mean, that might make that particular post protected. But if you have a Korean citizen in Korea who posted a defamatory thing in Korea in early January, that wouldn't be subject to First Amendment protection. And so the question is, is the mere fact that someone posted for six months in the United States sufficient proof that they were a citizen or a permanent resident? Do you have anything else other than that? Two things, Your Honor. First of all, that same post, the exact same post that was posted in January was reposted when the user was in the U.S. So it was the same speech made again. And this is the right to remain anonymous. Right. But I guess the question is, it seems like you're urging a rule that any time your client comes into one of these discovery disputes with a cache of IP addresses, that that will be enough to establish legal residency for these purposes. Again, if you could answer his question, why is that enough to support the finding? Well, first of all, Judge Cousins, the district court concluded it was enough. And that's a factual finding that we shouldn't disturb on appeal. The clear error of standard review referenced the IP addresses were not the only evidence in the record. However, Mr. Doe himself, as we know, filed a motion to quash. That's not evidence in the record. Your Honor, I believe given the pro se status of this. So I'm a little unclear. What is his status in this case? Is he a party? Is he just sort of a bystander who threw stuff over the transom? I mean, what is he? I think Judge Cousins was unclear on that as well. He is a third party who has not been granted the right to intervene, but who did file a motion to quash. Then if he's not been granted a right to intervene, then all of his submissions are not properly before the district court and not properly part of the record and not considered, right? Doesn't that have to be the answer? I don't think that's the answer, Your Honor, given that he's a pro se litigant, Jones v. Blanus. You can't just have bystanders supply evidence to district courts. You either are a party or granted leave as an amicus to show up and present things. It's all or nothing. You're either in or you're out. And if you're out, whatever you show to the court and wave around isn't evidence. Certainly, Your Honor. I believe he is an interested party given that they were the target of the subpoena regardless, even not considering that evidence. The IP logs and Mr. Kim's own statement that the video was reposted while in the U.S. are enough. And again, we're talking about weighing evidence here. This is the district court. Again, the fact that it's posted in Korea and later posted in the U.S. I think just has zero weight in terms of whether the person, the poster is a Korean citizen or U.S. citizen, because people move in and out of the United States. They visit and they can post any time. I mean, the length of six months of posting in the U.S., that's some evidence of at least some standard right now. We have lots of people who are here who are not lawful permanent residents who stay here for more than six months. So what else do you have other than the six months of posting and other than the reposting? Is there some other thing that you have? We have the user's own statements, which I understand there's a debate about whether that can be evidence. I mean, the other problem about the user's statements is that if he's admitted, then the magistrate judge's jurisdiction is up in the air because he'd need to consent to the jurisdiction. I mean, this is highly unusual to me because at the outset of the case, it was assigned to a magistrate judge. Somebody objected to it. The magistrate judge was ousted, sent to a district judge. The district judge then refers it to the magistrate for recommendation. And then the magistrate's who responded decides, will you consent now to me being the district judge in the case and puts everyone on the spot and everyone agrees. But Doe can't come in. If he's allowed in, he must consent if it goes back to the district court. That's correct, right? I believe that's the issue that Judge Cousins raised at the hearing. I don't know that was addressed in the ruling. Regardless, even leaving Doe out of it, the evidence in the record as was recognized previously could support two different inferences. One, Korean resident or Korean citizen. Two, U.S. resident or U.S. citizen. But am I right that if we exclude Doe's evidence because of this jurisdictional ambiguity, is the only thing you have is six months of posting and a reposting in the U.S.? That's it? We have no other information? Correct, Your Honor. And that gets to the inherent limitation in these situations. I mean, does Google not have in its files more information about who this person is and that it could have offered to cast further light on this issue? First of all, Your Honor, this whole case is about disclosing the identity of this anonymous individual or not. So there is some limitations on what could have potentially been disclosed. Well, but I mean, even if we just say, so Google's agreed that the IP addresses can come out. So your friend had noted that Google probably has more of the IP addresses. It's just decided to disclose in its declaration that one point from early January and then a bunch of points from later January to June. Does Google have more of an IP address history, for example, that would place Doe in the U.S. before the posting to support the district, the district court's theory that this was a visit to Korea? Direct answer to your question. I don't know. I think the other answer is not in this record and all we are tasked with is looking at the record. Did the district court properly apply? And I guess this is a question in terms of what the rule is, but the Thunder Studios rule, there seems to be, there may be a finding that the person is at least a lawful resident in the United States. That's a separate question. But then there's a second step to whom the speech is directed. Does the district court engage that and did it have to in order to find First Amendment protection for the intel purposes? It did not engage that, nor does it have to. That is an independent ground, the intent to reach a U.S. audience. The district court here found, again, weighed the evidence, primarily the IP logs, the timing, and reached the conclusion, drew the inference that this person is at least a U.S. resident. And so in order to affirm, do we also, with respect to if Doe were a lawful resident, do we also have to find some sort of, in addition to that, any sort of continuing presence? Or do we only, would we only have to find that if the person was not a legal resident of the United States? You do not need to find a continuing presence. You need to find that they were a lawful permanent resident. I'm sorry, continuing relationship, right? There's the, I think the Verdugo case, which asks that question, even if they're not a resident, they must have some connection. Right, Your Honor. And that would be for the exception if the district court had concluded that they were a resident who left the U.S. and who was outside the U.S., you would need to find a substantial voluntary connection. And we believe we have that at a minimum through the six months of IP logs. In addition, through considering the statements in the pro se applicant. What was your burden of proof? What's the standard of your burden of proof with respect to the issue of being a citizen or lawful permanent as a preponderance of the evidence? It is, Your Honor. And of course, on appeal, it's the clear error standard of review. Okay. And then could you have made a, and this happens in discovery context sometimes and related context. Could you have made a proffer under seal an ex-party to the district court with additional information that would cast further light on whether this person is or is not a lawful permanent resident or U.S. citizen? I don't know what additional information was available in this situation. Google does not verify or even ask for the citizenship of its users. And in this situation, again. But presumably when you sign up for the account, you supply a name and some other, so you have substantially more information about this person that, you know, would cast some light on whether or not someone who is posting for six months in the U.S. is in fact a U.S. resident or citizen. Again, I'm not sure what additional information is out there. The question here, however, is not was there better information that the district court could have considered? It was what information did the district court consider? And does that support affirming under the clear error standard of review? We believe it does. In addition, this is a discovery matter. The intel factors are discretionary factors. Counsel, let me, I apologize, but you're over time and I do want to ask you a question. The IP addresses on January 3rd when this posting was issued, where were those coming from? Do we know that? Was that provided? Does Google not have that information? I'm confused because I know from January 25th through July 16th, Doe was in the United States or sending them from the United States. What about on that date? The specific statement we have in the record says prior to January 25th of 2024, IP logs show access from Korea. There is no evidence as to that specific date, but it is not an unreasonable inference to assume that January 3rd would have been from Korea. And that's at record 116. What page? 116 of the record. Okay. Thank you, Your Honor. We would ask that the district, excuse me, the district court's ruling be affirmed is a discovery matter. It is not abuse of discretion, nor was there clear error in the factual findings underlying the key conclusion of U.S. residency or citizenship. Okay. All right. Thank you, counsel. We'll hear rebuttal now. Your Honor, thank you. I just had two points that I wanted to address. First, Google mentioned that my client, Mr. Kim, stated that the video was reposted in May 2024. That is actually inaccurate. The declaration of Mr. Kim, it says that it just attaches a screenshot that he takes in May 2024 of the video. So for the purposes of submitting evidence to the court, he took a screenshot of the video and submitted it. So he never says that the video was actually reposted. What do you understand to be the status of those submissions? In what capacity were they in front of the court? Because the court seemed to want to have it both ways. It wanted to take the evidence, but not let them be a party. Good question, Your Honor. Actually, during the evidentiary hearing that was held, I raised that question with the magistrate judge. I asked the magistrate judge. Doe doesn't seem to have consented to the jurisdiction of the court, but the magistrate judge didn't seem to be very concerned about it. I'm not really sure how he came to that conclusion. But Doe was at that hearing, at least telephonically? He wasn't. The judge instructed Google to provide notice to Doe to attend the hearing, but he never attended the hearing. Did he ever attend any hearing in this case? No. He submitted his motion to Quash, and then he disappeared from the case, basically. But there have been any way for your client to get through any procedural mechanism, any additional discovery from Doe? If that were possible- Or Google, for that matter. Right. Unfortunately, that's not possible, and that's why we're conducting discovery in the district court from Google. There's no other procedural mechanism, either in Korea, or I don't know anything else in the United States either. And I'm sorry, just one more thing. In regard to the voluntary connection issue that was raised, I just wanted to point out that what's necessary is a prior voluntary connection, and not just any kind of voluntary connection. So there has to be a prior voluntary connection before the person... My understanding is before the act or the speech at issue can be protected. So in this case, there was a speech, and then after that, Doe entered the United States, so the voluntary connection comes afterwards. So I don't think the speech before that should be protected. All right. Thank you, counsel. The case just argued will be submitted. Thank you very much.
judges: COLLINS, JOHNSTONE, ALBA